PER CURIAM.
This rulemaking proceeding is before the Court on the petition of The Florida Bar for amendments to The Florida Bar Integration Rule, the Bylaws, and the Code of Professional Responsibility. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
On December 8, 1981, The Florida Bar filed a petition proposing amendments to the Integration Rule, article XI, Rule 11.- *571 02(4)(c), the Integration Rule Bylaws, article XI, section 11.02(4)(c), and the Code of Professional Responsibility, Disciplinary Rule 9-102(A)(2). All of these provisions pertain to trust accounting procedures. As originally proposed on December 8, 1981, the amendments imposed more stringent record-keeping requirements for assets held in trust by attorneys and eliminated the exception in the Bylaws for certain kinds of trust accounts maintained under court supervision. After hearing oral argument and considering the written comments of numerous attorneys, the Court asked the Board of Governors of The Florida Bar and the Real Property, Probate, and Trust Law Section to file briefs specifically addressing the proposed elimination of the exception. Now, after apparent consultation between the Board of Governors and the Real Property, Probate, and Trust Law Section, The Florida Bar has filed an amended petition. It has withdrawn the proposal to eliminate the exception. We accept the Bar’s amended petition and adopt the amendments as follows.
Article XI, Rule 11.02(4)(c) of the Integration Rule of The Florida Bar is amended to read as follows. Deletions are indicated by the use of struck-through type. Additions are indicated by underscoring:
(c) Trust Accounting Procedures. The Florida Bar shall promulgate bylaws under this rule, such bylaws and amendments thereto to be approved by this court, prescribing minimum trust accounting records which shall be maintained and minimum trust accounting procedures which must be followed, by all attorneys practicing in-Florida who receive or disburse trust money or property, The minimum procedure shall require reconciliation of trust account balances at periodic intervals and the annual filing of a certificate reflecting-.compliance with minimum record kooping-and procedural requirements bv each member of The Florida Bar as provided in the bylaws. Failure after reasonable notice to file the required certificate , the filing of a trust savings-account certificate showing noncompliance with the bylaws or the return of a trust account check- for insufficient funds shall be constitutes good cause for The Florida Bar to order an audit of the trust account at the cost of the attorney audited. Audits for cause may also be conducted in any of the following circumstances:
(i) A trust account check is returned for insufficient funds or for uncollected funds, absent bank error.
(ii) A petition for creditor relief is filed on behalf of an attorney.
(iii) Felony charges are filed against an attorney.
(iv) An attorney is adjudged insane or mentally incompetent, or is hospitalized under the Florida Mental Health Act-
tv) A claim asrainst the attorney is filed with the Client Security Fund.
(vi) When requested bv a grievance committee or the Board of Governors of The Florida Bar.
(vii) Upon court order.
Other Audits for cause conducted by -The Florida Bar in any of the circumstances enumerated in paragraphs (i) through (vii) above shall be at the cost of the attorney audited unless only when the audit reveals that the attorney was with-outfault and that his-trust account records and procedures are not in substantial compliance with the minimum trust accounting requirements. It shall be the obligation of any attorney who is being audited to produce all records and papers concerning property and funds held in trust and to provide such explanations as may be required for the audit. Records of general accounts are not required to be produced except to verify that trust money has not been deposited thereto. If it has been determined that trust money has been deposited into a general account-all of the transactions pertaining to anv firm account will be subject to audit.
Article XI, section 11.02(4)(c) of Bylaws under the Integration Rule is amended to read as follows:
1. Applicability: The provisions of these bylaws apply to all trust funds re *572 ceived or disbursed by members of The Florida Bar in the course of their professional practice of law in Florida, except special trust funds received or disbursed by attorneys as guardian, personal representative, receiver, or similar capacity such as trustee under a specific trust document where the trust funds are maintained in a segregated special trust account and not the general trust account and wherein the special trust position has been created, approved, or sanctioned by law or an order of a court which has authority or duty to issue orders pertaining to maintenance of such special trust account.
2. The minimum trust accounting records which shall be maintained by all lawyers practicing in Florida who receive or disburse trust money subject to this bylaw-and-gelated-to-their-pr-aetice-of-law in-Florida are:
a.A separate bank account or accounts, and if utilized a separate savings and loan association account or accounts, located in Florida, in the name of the lawyer or law firm and clearly labeled and designated as a “trust account/^ as provided in Rule 11.02(d)(a).
b= — A-journal-,--file--of-receipts-file-of deposit slips, or check book stubs listing the source-and-date -of aU-receipts-of-trust funds.
e, — A-journai-whioh-may-consist-of-can-eel-led oheoksy showing the date-and-reoip-ient of all-trust-fund- disbursements.
4 — A file or ledger- containing an accounting for each person from whom or for whom trust money has been received.
e, — Ail-cancelled checks-draw-n-on-the trust account whether or -not such can-celled checks-are-used to -satisfy-the-requirements-of- a-journal under-paragraph c-above,
f. — A journal or other appropriate record-documenting all transactions-relating to-any- bank or Bavings and loan association-trust savings account, and copies of all bank or-savings and loan association reports or correspondence reflecting periodic account balances- and — the- earnings thereon.
b. Original or duplicate deposit slips and, in the case of currency or coin, an additional cash receipts book, clearly identifying:
(i) The date and source of all trust funds received.
(ii) The client or matter for which the funds were received.
c. Original cancelled checks, all of which must be numbered consecutively,
d. Other documentary support for all disbursements and transfers from the trust account.
e. A separate cash receipts and disbursements journal, including columns for receipts, disbursements, transfers, and the account balance, and containing at least:
(i) The identification of the client or matter for which the funds were received. disbursed or transferred.
(ii) The date on which all trust funds were received, disbursed or transferred.
(iii) The check number for all disbursements.
(iv) The reason for which all trust funds were received, disbursed or transferred.
f. A separate file or ledger with an individual card or page for each client or matter, showing all individual receipts. disbursements or transfers and anv unex-pended balance, and containing:
(i) The identification of the client or matter for which trust funds were received. disbursed or transferred.
(ii) The date on which all trust funds were received, disbursed or transferred.
(iii) The check number for all disbursements.
(iv) The reason for which all trust funds were received, disbursed or transferred.
g. All bank or savings and loan association statements for all trust accounts.
g. — The minimum trust accounting-record which shall be maintained by all lawyers practicing in Florida who -receive-or distribute-trust-property-other-than-eash are journals, receipts, or files showing *573 receipt or distribution of all trust property other than cash of intrinsic value of more than $50.
4 3. The minimum trust accounting procedures which shall be followed by-all attorneys-practioing in Florida who re cei-ve or disburse trust-money or property are:
a, — The lawyer shall cause to be made a-reconciliation of his trust accounts balance at least quarterly and shall retain a copy of such reconciliation-for at least 6 years.
a. The lawyer shall cause to be made monthly:
'ffl Reconciliations of all trust bank or savings and loan association accounts, disclosing the balance per bank, deposits in transit, outstanding checks identified bv date and check number, and anv other items necessary to reconcile the balance per bank with the balance per the checkbook and the cash receipts and disbursements journal.
»» A comparison between the total of the reconciled balances of all trust accounts and the total of the trust ledger cards or pages, together with specific descriptions of anv differences between the two totals and reasons therefor.
b. At least annually, a detailed listing identifying the balance of the unexpend-ed trust money held for each client or matter.
c. The above reconciliations, comparisons and listing shall be retained for at least six (61 years.
d. The lawyer or law firm shall authorize and request anv bank or savings and loan association where he is a signatory on a trust account to notify Staff Counsel. The Florida Bar. Tallahassee. Florida 32301. in the event anv trust check is returned due to insufficient funds or uncollected funds, absent bank error.
b. — The lawyer shall file with The Florida Bar between June 1 and August 15 of each year a certificate -stating:
“I certify that I have read-the provisions of Integration Rule-ll,02(4) and the Bylaws under said rulo and that I am in substantial compliance with the minimum requirements as to-trust accounting records and procedures ■ set forth therein.
Attorney”
4. Every member of The Florida Bar shall file each year with The Florida Bar between June 1 and August 15 a certificate on a form approved bv the Board of Governors.
The Florida Bar Code of Professional Responsibility, Disciplinary Rule 9-102(A)(2), is amended to read as follows:
(2) Funds belonging in part to a client and in part presently or potentially to the lawyer or law firm must be deposited therein, but the portion belonging to the lawyer or law firm may should be withdrawn when within a reasonable time after it becomes due unless the right of the lawyer or law firm to receive it is disputed by the client, in which event the disputed portion shall not be withdrawn until the dispute is finally resolved.
We hereby promulgate the foregoing amendments, which are to become effective on June 30, 1983.
It is so ordered.
ALDERMAN, C.J., and ADKINS, BOYD, OVERTON, McDonald and EHRLICH, JJ., concur.